# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MARSH,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/]<br><br>    Defendant. | Case No. ED CV 12-1951 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Victoria Marsh ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected her credibility. (Joint Stip. at 2-9, 14.) The Court addresses – and rejects – Plaintiff's contentions below.

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided at least three valid reasons in support of his credibility determination.

First, the ALJ found that Plaintiff's allegations of depression were undermined by the consultative examiner's opinion, which noted no "significant mental health problems." (Administrative Record ("AR") at 14, 409); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (inconsistency with objective evidence, when combined with other factors, can be a valid reason for rejecting a claimant's testimony).

Second, the ALJ observed that Plaintiff pursued a conservative treatment plan, consisting only of "over the counter Ibuprofen pain medication." (AR at 14); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment can discount the severity of a claimant's symptoms).

Third, the ALJ found that Plaintiff appeared to be motivated by secondary gain because she did not seek treatment "until the day after she was laid off work." (AR at 14); *see Hanuscin v. Astrue*, 2010 WL 4788033, at *4 (C.D. Cal. Nov. 17, 2010).

Notably, Plaintiff does not take issue with any of the above determinations. (Joint Stip. at 2-9, 14.) Instead, her claim for relief centers solely around the ALJ's finding that she exaggerated the severity of her fibromyalgia because her physical examination showed, among other things, a "full range of motion of the spine." (AR at 14.) While this conclusion appears to be erroneous,[2] it is ultimately harmless in light of the adequacy of the other, valid reasons provided by the ALJ. *See Batson v.*

---

[2] Fibromyalgia is a disease that defies objective testing, and thus its severity cannot be discredited simply because Plaintiff's physical abilities *appear* to be uninhibited. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004); *see Cota v. Comm'r of Soc. Sec.*, 2009 WL 900315, at *9 (E.D. Cal. Mar. 31, 2009).

*Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Accordingly, the Court finds that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: June 28, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

3